IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

JUSTIN E. EDMUND,
a/k/a JUSTIN E. EDMOND,
A-file # A91-448-618,

      Petitioner,

v.                                              CASE NO. 4:05-cv-00347-MP-EMT

ALBERTO GONZALES, et al.,

      Respondents.
_____/

**O R D E R**

      This matter is before the Court on Doc. 45, Report and Recommendation of the Magistrate Judge, recommending that Respondents' motion for summary judgment, Doc. 20 be granted, that petition for writ of habeas corpus, Doc. 2, be denied without prejudice, and that all pending motions be denied as moot. The Magistrate Judge filed the Report and Recommendation on Monday, August 14, 2006. The parties have been furnished a copy of the Report and Recommendation and have been afforded an opportunity to file objections. Pursuant to Title 28, United States Code, Section 636(b)(1), this Court must make a *de novo* review of those portions to which an objection has been made. In this instance, however, no objections were made.

      Born in the Bahamas to a Bahamian mother and Haitian father, Petitioner has resided in the United States since 1982. Petitioner, a citizen of the Bahamas, received an immigrant visa granting him lawful permanent residency status on September 27, 1990. On March 2, 2000, while incarcerated in the Dade County Jail, Petitioner was served by immigration authorities

with a Notice to Appear for removal proceedings. Petitioner failed to appear for the removal hearing, and in absentia was ordered removed to the Bahamas or, in the alternative, to Haiti. Petitioner has been in the custody of immigration officials since February 4, 2005.

Petitioner Edmund filed a petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2241, challenging his continued detention by Respondents while awaiting removal from the United States. When an alien is ordered removed from the United States, the Government has a 90-day "removal period" to remove the alien, during which the alien must be detained. 8 U.S.C. § 1231. The Supreme Court of the United States in Zadvydas v. Davis held that continued detention of an alien beyond the 90-day removal period was constitutional, but specifically stated that the statute "limits an alien's post-removal-period detention to a period reasonably necessary to bring about that alien's removal from the United States. It does not permit indefinite detention." 533 U.S. 678, 689 (2001). Continued detention of an alien pending removal beyond the removal period is unauthorized once removal is no longer reasonably foreseeable. In Zadvydas, the Court established, as necessary for the process of removal, a six-month period during which detention was presumptively reasonable. After this six-month period, an alien is eligible for conditional release by demonstrating that there is "no significant likelihood of removal in the reasonably foreseeable future." Id. at 701.

In both the Answer to the petition and the Motion to Dismiss, which was converted into a motion for summary judgment, Respondents place great emphasis on the failure of Petitioner to assist meaningfully in his removal. Specifically, Respondents state that "detention is authorized as there is reasonable foreseeability of removal as petitioner has failed to assist in his removal." Docs. 18, 19 at 4. In the Supplement to Motion to Dismiss, Respondents assert that "due in large

part to the efforts of the Petitioner to prevent his removal, the efforts have not yet been fully successful. (See Exhibit 1, Paragraphs 26 and 33)." Paragraph 26 refers to the failure of Petitioner to complete the required "Fiche Signaletique du Deporte," and paragraph 33 refers to Petitioner informing the Consulate General of the Bahamas "that the documents ICE had sent her were not his."

After reviewing the matter, the Court agrees with the Magistrate that because the Bahamian Consulate requested the passport of Respondent's Mother in April 2006, Petitioner has failed show that there is no significant likelihood of removal in the reasonably foreseeable future. "DHS was not notified until April 25, 2006, that additional information was required by the Bahamian Consulate." Doc. 45 at 9. To the Court's knowledge, Petitioner is still in custody. Under Zadvydas,"for detention to remain reasonable, as the period of prior postremoval confinement grows, what counts as the 'reasonably foreseeable future' conversely would have to shrink." 533 U.S. at 701. While the Court today finds that Petitioner's detention is still reasonable, the presumptively reasonable period of detention has long since passed. The Supreme Court made clear in Zadvydas that indefinite detention is unconstitutional, and that post-removal-period detention must be limited to what is reasonably necessary to bring about an alien's removal from the United States.

After considering the Report and Recommendation, and the lack of objections thereto, I have determined that the Report and Recommendation should be adopted. Accordingly, it is hereby

    **ORDERED AND ADJUDGED:**

    1.    The Report and Recommendation of the Magistrate Judge, Doc. 45, is adopted.

2.       Petitioner Justin E. Edmund's petition for a writ of habeas corpus, Doc. 2, filed pursuant to 28 U.S.C. § 2241, is dismissed without prejudice.

3.       All pending motions are denied as moot.

**DONE AND ORDERED** this  *27th* day of July, 2007

       *s/Maurice M. Paul*
       Maurice M. Paul, Senior District Judge